UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GERALD MOYER,

          Petitioner,

v.

M. MURPHY,

          Respondent.

PRISONER
3:13-CV-00872 (CSH)

## RULING AND ORDER

      Gerald Moyher (hereinafter "Petitioner") is currently incarcerated at MacDougall-Walker Correctional Institution in Suffield, Connecticut. Pending before the court is a petition for writ of habeas corpus filed on June 17, 2013 pursuant to 28 U.S.C. § 2254. See [Doc. 1]. In this petition, Petitioner challenges his 2004 jury conviction in Connecticut Superior Court for assaulting a police officer acting in the performance of his duties in violation of C.G.S.A. § 53-167c and for interfering with a police officer in the performance of his duties in violation of C.G.S.A. § 53-167a.

      On June 16, 2004, a Connecticut Superior Court judge sentenced Petitioner to a term of four years of imprisonment followed by six years of probation. On December 13, 2005, the Connecticut Appellate Court affirmed the conviction. *See State v. Moyher*, 92 Conn. App. 612, (Conn. App. Ct. 2004). On March 14, 2007, the Connecticut Supreme Court denied Petitioner's request for certification to appeal the decision of the Connecticut Appellate Court. *See State v. Moyher*, 281 Conn. 926 (Conn. 2007).

      On November 20, 2007, Petitioner filed a petition for writ of habeas corpus in the

Connecticut Superior Court raising claims of ineffective assistance of counsel.  On September 16, 2010, a judge dismissed the petition for writ of habeas corpus.  *See Moyher v. Warden,* No. TSR-CV-074002104-S, 2010 WL 4517567 (Conn. Super. Ct. Sept. 16, 2010).  On February 5, 2013, the Connecticut Appellate Court affirmed the judgment of the trial court.  *See Moyher v. Commissioner of Correction*, 140 Conn. App. 622 (Conn. App. Ct. 2013).  On March 20, 2013, the Connecticut Supreme Court denied certification to appeal further.  *See Moyher v. Commissioner of Correction*, 308 Conn. 919 (Conn. 2013).

On October 18, 2007, Petitioner filed a petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254.  *See Moyher v. Sieminski*, No. 3:07-CV-01540, [Doc. 1].  On March 17, 2008, respondents to the petition filed a motion to dismiss.  *See id.*, [Doc. 13].  On March 31, 2009, the Court granted respondents' motion to dismiss on the ground that *Stone v. Powell*, 428 U.S. 465 (1976) precluded federal review of the Fourth Amendment claim raised in Petitioner's habeas petition.  *Id.*, [Doc. 21]; *see also, e.g., Brunetti v. Semple*, No. 3:12-CV-01327, 2013 WL 5517863 at *4 (D.Conn. Oct. 2, 2013) ("The bar to federal habeas review of a Fourth Amendment claim applies as long as the state provided a full and fair opportunity for the petitioner to litigate that claim.") (citing *Graham v. Costello*, 299 F.3d 129, 134 (2d Cir. 2002)).  The Court's March 31, 2009 ruling constituted a decision on the merits.

On September 14, 2009, Petitioner filed a notice of appeal of the dismissal of his petition.  *See* No. 3:07-CV-01540, [Doc. 26].  On September 21, 2009, the Court of Appeals for the Second Circuit dismissed Petitioner's appeal without prejudice.  *See id.*, [Doc. 29].  On September 22, 2010, this Court issued a Ruling and Order stating that, after further review of its March 31, 2009 ruling, i.e., [Doc. 21], the Court had "concluded that [P]etitioner ha[d] not

shown that he was denied a constitutionally or federally protected right," and, accordingly, any appeal from the Court's March 31, 2009 ruling "would not be taken in good faith" and "a certificate of appealability would not issue." *Id.*, [Doc. 30] at 3.  There appears to be no evidence that Petitioner pursued his appeal of the Court's March 31, 2009 dismissal of his habeas corpus petition any further.

As noted *supra*, Petitioner filed the present federal habeas petition on June 17, 2013.  In this petition, which includes four grounds for relief, he challenges the validity of his 2004 jury conviction in Connecticut Superior Court for assaulting a police officer acting in the performance of his duties in violation of C.G.S.A. § 53-167c and interfering with a police officer in the performance of his duties in violation of C.G.S.A. § 53-167a.  "Before a second or successive application [for habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).  Here, Petitioner has filed a prior petition for writ of habeas corpus with this Court arising from the same incident.  Such prior petition was dismissed on the merits; consequently this Court has no power to entertain a second or successive section 2254 petition unless the Second Circuit has authorized its filing.

In *Liriano v. U.S.*, 95 F.3d 119 (2d Cir. 1996), the Second Circuit discussed the precise procedure to be followed when a second or successive petition for habeas corpus is filed by a state prisoner and is unaccompanied by the required § 2244(b)(3)(A) motion. The Court of Appeals, noting that "[i]t is important that [such a] situation be addressed by a clear and comprehensive procedure throughout the Second Circuit," stated:

> [W]hen a second or successive petition for habeas corpus relief ... is filed in a district court without the authorization by this Court that is mandated by § 2244(b)(3), the district court should transfer the petition or motion to this Court in the interest of justice pursuant to [28 U.S.C.] § 1631.

*Id.* at 123.  In the case at bar, as previously noted, Petitioner has filed a prior petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2254.  Petitioner has also failed to provide any evidence that he filed a motion with the Second Circuit authorizing this Court to consider his present application.  Under these circumstances, and under the clear language of *Liriano v. U.S.* and 28 U.S.C. § 2244, the present petition for writ of habeas corpus must be transferred to the Court of Appeals for the Second Circuit.

In accordance with the requirements of 28 U.S.C. § 2244 and pursuant to 28 U.S.C. § 1631, the Clerk is directed to transfer this case to the United States Court of Appeals for the Second Circuit to enable that court to determine whether the claims raised in this petition should be considered by the district court.

The foregoing is SO ORDERED.

Dated: New Haven, Connecticut
      January 16, 2014

                                                      /s/*Charles S. Haight, Jr.*
                                                      Charles S. Haight, Jr.
                                                      Senior United States District Judge